**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 22 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANTONIO RUIZ MARISCAL,

      Petitioner-Appellant,

v.

JOHN ASHCROFT, Attorney
General; * USA; KEVIN D. ROONEY,
Acting Commissioner, INS;   ** LUIS
GARCIA, District Director, INS,

      Respondents-Appellees.

---

NATIONAL IMMIGRATION
PROJECT OF THE NATIONAL
LAWYERS GUILD; AMERICAN
IMMIGRATION LAWYERS
ASSOCIATION,

      Amici Curiae.

No. 99-2336
(D.C. No. CIV-98-992-BB/WWD)
(D. N.M.)

**ORDER AND JUDGMENT** ***

---

\*      Pursuant to Fed. R. App. P. 43(c)(2), John Ashcroft is substituted for Janet
Reno, United States Attorney General, as an appellee in this action.

\*\*      On March 26, 2001, Kevin D. Rooney became the Acting Commissioner
of INS.  Pursuant to Fed. R. App. P. 43(c)(2), Mr. Rooney is substituted for
Doris Meissner as an appellee in this action.

\*\*\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order

(continued...)

Before **BRORBY** , **PORFILIO** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner was in deportation proceedings when the Antiterrorism and Effective Death Penalty Act (AEDPA) took effect on April 24, 1996. The AEDPA amended the Immigration and Nationality Act (INA) to eliminate discretionary relief for aliens convicted of certain offenses, including the offense for which petitioner was convicted. Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that the AEDPA should not be applied retroactively to deny him the opportunity to be considered for discretionary witholding of deportation pursuant to former § 212(c) of the INA, 8 U.S.C. § 1182(c) (1995). The district court denied relief and dismissed the petition. On appeal, petitioner makes the same argument and asks this court to remand his case to the Board of Immigration Appeals (BIA) for consideration of the merits of his request for discretionary relief under § 212(c).

---

***(...continued)
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On September 6, 2000, we abated this appeal pending action on a proposed regulation that would have allowed aliens, like petitioner, who were in deportation proceedings when the AEDPA took effect, to seek discretionary witholding of deportation. The regulation was adopted, and the BIA granted petitioner's motion to reopen his deportation proceedings and remanded the matter to the immigration judge for consideration of petitioner's application for discretionary relief under § 212(c). Because this is precisely the relief that petitioner seeks on appeal, the appeal is now moot. *McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999) ("Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot--i.e., where the controversy is no longer live and ongoing."). Consequently, we DISMISS the appeal as moot.

Entered for the Court

John C. Porfilio
Circuit Judge

-3-